UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GIOVANNI SANTOSTASI | : | DOCKET NO. 10-cv-1799 |
| VS. | : | JUDGE MINALDI |
| BOARD OF SUPERVOSORS FOR THE UNIVERSITY OF LOUISIANA, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Strike Affirmative Defenses filed by plaintiff, Giovanni Santostasi. After reviewing the motion and memoranda in support and in opposition, this court finds that the Motion should be DENIED.

*Background*

Plaintiff, Giovanni Santostasi, a former professor at McNeese State University, filed this complaint on December 3, 2010, alleging that defendants, the Board of Supervisors for the University of Louisiana System, the entity responsible for administering McNeese State University, Dr. Philip C. Williams, President of McNeese, and David Archer, Dean of the Department of Physics at McNeese, discriminated against him. He alleges violations of the Americans with Disabilities Act and of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, et seq..

Defendants filed their answer on February 28, 2011, and asserted eighteen affirmative defenses therein. On March 9, 2011, plaintiff filed his Motion to Strike Affirmative Defenses which is the issue currently before this court.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are disfavored and infrequently granted." *Cargo V. Kansas City Southern Ry., Co.,* 2011 WL 1234391 *1 (W.D. La. 4/1/2011). The Fifth Circuit, quoting approvingly from an opinion of the Sixth Circuit, noted:

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Id.* (citing *Brown & Williamson Tobacco Corp. v. United States* 201 F.2d 819, 822 (6th Cir. 1953). "A disputed question of fact cannot be decided on a motion to strike." *Id.* Furthermore, "when there is no showing of prejudicial harm on the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id.* Courts should defer action on the motion and leave the sufficiency of the allegations for determination on the merits. *Id.* A motion to strike may however be appropriate when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc., v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982).

Plaintiff seeks to strike all eighteen of defendants' affirmative defenses. He argues that "[d]efendants have failed to articulate any bases whatsoever for its eighteen affirmative defenses . . ." (Doc.7, p. 2). Plaintiff argues that affirmative defenses are governed by Federal Rules of Civil Procedure Rule 8 and require a short plaint statement of the defense. Thus he asserts that since defendants' affirmative defenses "fail to convey the grounds for these defenses," they should be stricken.

Defendants maintain that they have complied with Rule 8 requirements of notice pleading. They further allege that it is too early in the proceeding for the defendants to prove or disprove any particular affirmative defense. They allege that discovery, which has not begun, must be conducted in order to determine the validity of each defense.

The Court finds tha,t to the extent he seeks to strike all eighteen defenses, plaintiff has not sufficiently demonstrated that they are "insufficient, redundant, immaterial, impertinent, or scandalous." Further, he has not established any showing of prejudicial harm nor has he shown that they are insufficient as a matter of law. For these reasons, the court at this time denies plaintiff's motion and will leave the sufficiency of the allegations for determination on the merits.

For the above stated reasons,

Plaintiff's Motion to Strike Affirmative Defenses (Doc. 6) is hereby DENIED.

THUS DONE AND SIGNED in Chambers in Lake Charles, Louisiana, this 21st day of June, 2011.

_____
KATHLEEN KAY
United States Magistrate Judge